JOSIAH JEX, Respondent, *v.* THE BOARD OF EDUCA-
TION OF THE CITY OF NEW YORK, Appellant.

*Lease — admissions — admissibility of.*

The statements by one member of a board of trustees, not constituting part of
the *res gestæ*, but made subsequent to and in explanation of what took place in
the progress of the negotiation, are not competent evidence against the board or
corporation of which he is a member.

Appeal from a judgment in favor of plaintiff and an order deny-
ing a motion for a new trial on the judge's minutes.

The plaintiff rented premises in the city of New York to the
defendants, from May 1, 1866, to May 1, 1869, at a rent of $2,500
a year. In February, 1869, the plaintiff's agent wrote a note to
Mr. Simonson, the secretary of the board of trustees of common
schools for the Twenty-second ward, stating that the rent for the
premises would be $6,000 per year. Mr. S. laid the letter before
the board of trustees, which passed a resolution not to hire the
premises, but submitted the matter to the board of education to do
as it thought fit. The board of education, June 9, 1869, offered to
hire the premises for $3,000 per year, which proposition was
declined. On July 2, 1869, the board of education notified the
plaintiff that they had vacated the premises. This action was
brought to recover the rent at the rate of $6,000 a year, alleged to
be due August 1, 1869. Considerable evidence, consisting of con-
versation between the plaintiff and his agent, and the individual
trustees and commissioners, was admitted under objection by the
defendant. The jury rendered a verdict for plaintiff for $1,802.74.

*A. J. Vanderpoel,* for the appellant.

*A. R . Dyett,* for the respondent.

Davis, P. J.:
It was error to admit the statements and admissions of the indi-
vidual trustees and commissioners to establish the liability of

defendant. Mr. Simonson was one of the trustees of the Twenty-second ward, and secretary of the board of trustees. He was called as a witness for the plaintiff. The plaintiff proved by him, in substance, that in February, 1869, the plaintiff's agent spoke to the witness about the premises then occupied by primary school No. 17, in relation to hiring the premises; that witness told the agent to put his proposition in writing and he would submit it to the board. That the written proposition (before read in the case) was submitted and laid before the board, and the board passed a resolution not to hire the premises, but to submit the matter to the board of education. That this was in April, and was the final action of the board of trustees.

On cross-examination, amongst other things, he testified that he told the agent that the board would not take the premises at that rent (referring to an oral offer of the premises for $5,000 a year, for three years), that it was too high. That he never made any arrangements with the plaintiff about the premises; that he had no power to make arrangements without submitting the proposition to the board. That his duty was to receive propositions and communicate them to the board, and communicate the answer of the board; that that was all he did in this matter; that he did not remember positively, but had no doubt he communicated the answer of the board to the agent. And on re-direct examination he testified that he did not think he told plaintiff, before the first of May, that the school would remain there at $6,000 a year.

After the testimony of Mr. Simonson was closed, the plaintiff was recalled in his own behalf and testified that he recollected having a conversation with Mr. Simonson before the first of May. And against defendant's objection and exception, the court allowed him to testify that Mr. Simonson said in that conversation, "that the trustees of the ward had taken the premises for one year at $6,000 and the taxes, anyhow; that the school would remain there, and that they had no authority to take a lease for three years, without the approval of the board of education."

We think this testimony was incompetent. It was not admissible for the purpose of impeaching the witness by contradiction, because he was plaintiff's own witness, and his credibility was not

open to an attack in the nature of an impeachment.* Nor was it admissible to prove his confessions against the defendant.

He had no power to bind the defendant by admissions; he was not even a member of the board of education, and in no sense their agent, and, as trustee of the ward, was not clothed with any authority to affect defendant by admitting that the board of trustees had taken the premises.

He could not even bind his own board by such an admission; for, while the statements of a trustee, made in the progress of a negotiation, are admissible as *res gestæ*, yet his subsequent admissions of what had transpired are not competent evidence against the board or corporation of which he is a member.

The action of the board of trustees, referred to by Mr. Simonson, was in writing and a part of the records of the board.

A copy of the proceedings in relation to plaintiff's proposition was already in evidence, and, clearly, a subsequent statement by one member of the board was not competent to show, by way of confession, that the board had acted directly the reverse.

It cannot be said that the error did not affect the jury in considering the question submitted to them.

Again, it was error to admit the declarations of the members of the board of education as evidence against the defendant. They were not only the declarations of individuals, but on their face purported to be nothing more; and they were made after the first of May, and related to past transactions, and so were simple confessions.

The plaintiff testified that Mr. Brennan and Mr. Small, two of the members of the board of education, "acknowledged to him, after the first of May, that the board of education was liable for this rent for those premises, and would have to pay it."

The defendant had not, so far as the case shows, authorized these gentlemen to make admissions or do any act on behalf of the defendant touching the leasing of the premises, nor to pronounce opinions on the question of the legal liability of the defendant.

The plaintiff was also allowed to testify that Mr. Brennan said to him, before the first of May, that "they were going to take the premises," and that after the first of May, Mr. Small had a talk with him "about the same tenor."

* Hunt v. Fish, 4 Barb., 324; Richard v. Collin, 24 id., 444.

This evidence should also have been excluded. Nothing occurred subsequently in the course of the trial to render these errors immaterial.

The jury must have given them much weight, and we cannot obviate their legal consequences which entitle defendant to a new trial.

It is very difficult to see how the defendant, " The Board of Education," can be held liable as tenants of the premises for one year, at $6,000 and taxes, without any action on its own part, because the trustees of the ward negligently held over after the expiration of their former term, or on the ground that plaintiff notified the trustees that if they continued in occupation the rent would be $6,000 and taxes.

The defendant is not lawfully shown either to have approved or directed such action on the part of the trustees, and it is a question worthy of consideration whether the *quasi* corporation, known as the board of trustees of the ward, had authority to create obligations against the board of education in the manner in which it is claimed by plaintiff the liability to him arose.

But we do not pass upon that question, nor on the point whether this action can be continued in its present form.

The judgment must be reversed, and a new trial ordered, with costs to abide the event.

DANIELS and LAWRENCE, JJ., concurred.

Judgment reversed and a new trial granted, costs to abide the event.